IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01695-PAB

ZITA M. VIVO,

    Plaintiff,

v.

BRENDA,

    Defendant.

---

**ORDER**

---

This matter is before the Court on the Second Claim for Relief [Docket No. 9] filed by plaintiff Zita M. Vivo.[1] On July 8, 2013, the Court dismissed plaintiff's complaint without prejudice due to plaintiff's failure to show cause why her complaint should not be dismissed due to various pleading deficiencies and a failure to state the basis of subject matter jurisdiction. See Docket No. 8. Shortly after the Court's order of dismissal, plaintiff filed on the Court's electronic filing system the above-referenced second claim for relief,[2] which was promptly followed by the entry of Final Judgment [Docket No. 10].

---

[1] Because plaintiff is proceeding pro se, the Court construes her pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not the proper function of the Court to assume the role of advocate for the pro se plaintiff. *Hall*, 935 F.2d at 1110.

[2] Although plaintiff filed her second claim for relief with the Court on July 5, 2013, due to a Court holiday, the document was not entered on the Court's electronic filing system until July 9, 2013. See Docket No. 9.

In her second claim for relief, plaintiff alleges that an unidentified defendant subjected her to some physical abuse.[3] Docket No. 9 at 1. Although plaintiff asserts a wrong committed through the physical abuse, she does not identify the specific nature of her claim arising from this abuse. Moreover, plaintiff's second claim for relief fails to state any basis for the Court's subject matter jurisdiction. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (noting that absent an assurance that jurisdiction exists, a court may not proceed in a case). Where a plaintiff fails to properly establish the subject matter jurisdiction of this Court, plaintiff's case must be dismissed. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Accordingly, because plaintiff has thus far failed to sufficiently allege the Court's subject matter jurisdiction, the Court finds no reason to reconsider its previous order dismissing plaintiff's complaint.

DATED July 9, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[3]Because plaintiff filed her second claim for relief before the entry of final judgment, the Court will liberally construe her second claim for relief as an interlocutory document "invoking the [Court's] general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment," and not a motion to alter or amend judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure. *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991).